[Civ. No. 11565. First Appellate District, Division Two.— March 3, 1941.]

T. F. TWISSELMAN, Appellant, v. CHANCY O. REED et al., Respondents.

Alex Webster for Appellant.

Andrew Renetzky for Respondents.

NOURSE, P. J.—Plaintiff sued in equity for a judgment quieting his title to a leasehold interest in certain farming land, and admitting him to possession of the premises. The defendants had judgment. The issue on the appeal is whether the plaintiff is estopped from claiming the right to possession as a tenant because of his representations to defendants that he held as a tenant under an oral lease from the defendants' grantor when in fact he was holding under a concealed written lease.

On March 15, 1933, Phelps as owner in fee entered into a written lease of the premises with plaintiff, the lease to run from October 1, 1933, for a period of three years and thereafter "until the said party of the first part shall notify the said second party in writing, thirty (30) days previous to October 1st of any year thereafter."

The lessor died December 17, 1936, and his administrator entered into negotiations with defendants for the sale of the premises to them. The plaintiff was consulted by the administrator and by all the defendants to all of whom he represented that he was holding under an oral lease only. At all these times the written lease was kept concealed by plaintiff, and the defendants made the purchase without any knowledge of its existence.

The trial court concluded that plaintiff was estopped to deny that the lease under which he held was an oral lease and to deny that notice of termination was given as required. The findings of fact upon which these conclusions of law are based read: "That it is true that defendants before they purchased said real estate asked plaintiff what his interest in said property was and that plaintiff informed defendants on or about the month of August, 1937, that he was holding said property and had been holding said property under an oral agreement of lease for several years last past.

"That it is true that said statements of plaintiff were false, that plaintiff knew they were false and intended defendants to rely upon them, and that defendants believed and relied upon said statements of plaintiff and thereafter purchased said property. That had said plaintiff truthfully informed

defendants of the written lease under which said plaintiff held said property, defendants would not have purchased said property and that the possession of defendants would be delayed for at least one year under said written contract.

"That it is true that said plaintiff knew said written lease provided 'that this lease shall continue, after the said term of three years has expired, and until the said party of the first part shall notify the said second party in writing, thirty (30) days previous to October 1st of any year thereafter,' and that plaintiff falsely informed defendants that he was relying on an oral agreement, and willfully concealed from defendants said written lease and particularly said clause thereof.

"That said defendants or either of them had no knowledge of said written lease or any part thereof, and were misinformed by plaintiff as to the existence thereof and the contents thereof; and thereby prevented by said plaintiff from giving the notice of termination as provided therein until the time had elapsed within which said notice was required to be given, and thereby would continue plaintiff's possession for at least a year thereafter, to the exclusion of defendants from said property."

Throughout the hearing in the trial court, and upon this appeal, the plaintiff has admitted his fraud and misrepresentations as found by the trial court, but he seeks to excuse his conduct by the assertion that he was in fact holding under an oral modification of the written lease. This asserted modification related only to the manner and time of making payments of the rent reserved. It had no relation to the term of occupancy. Plaintiff made no effort to prove that he was holding under an oral lease with a tenancy running from year to year and, as such, terminable upon notice. And since he at no time informed the defendants that his oral lease was a modification of a written lease which he had in his possession, he is estopped to deny that notice of termination was given as required.

The case in all its features is a typical one for the application of the principles found in subdivision 3 of section 1962 of the Code of Civil Procedure which reads: "Whenever a party has, by his own declaration, act, or omission, intentionally and deliberately led another to believe a particular thing true, and to act upon such belief, he cannot, in any litiga-

tion arising out of such declaration, act, or omission, be permitted to falsify it.''

The negotiations for the purchase of the premises and the representations of the plaintiff regarding the nature of his tenancy ran from March, 1937, until November, 1937, the time when the sale to defendants was made. If the parties had known of the existence of the written lease, notice of termination could have been given prior to October 1st of that year. The injury to the defendants caused by the misrepresentations is obvious.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.